**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| A.S., | : |
| | : Civil Action No.: 2:26-cv-01553 |
| Plaintiff, | : (JSH)(LGD) |
| | : |
| -against- | : **DEFENDANT'S ANSWER TO** |
| | : **PLAINTIFF'S FIRST AMENDED** |
| CONCERN FOR INDEPENDENT LIVING, INC., | : **COMPLAINT** |
| | : |
| Defendant. | : |
| | : |
| | : |

Defendant, CONCERN FOR INDEPENDENT LIVING, INC. (hereinafter referred to as "Defendant" and/or "Answering Defendant"), by and through its attorneys, Callahan & Fusco, LLC, as and for its Answer to Plaintiff's First Amended Complaint, dated March 23, 2026, states upon information and belief as follows:

## AS AND FOR AN ANSWER TO THE STATEMENT OF CLAIMS

1. Answering Defendant denies the allegations contained in *both* paragraphs designated "1" of the First Amended Complaint and respectfully refers all questions and interpretations of law to the Court.

2. Answering Defendant denies the allegations contained in *both* paragraphs designated "2" of the First Amended Complaint and respectfully refers all questions and interpretations of law to the Court.

## AS AND FOR AN ANSWER TO JURISDICTION AND VENUE

3. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "3" of the First Amended Complaint.

4. In response to the allegations contained in paragraph designated "4" of the First

Amended Complaint Answering Defendant admits that Answering Defendant is a New York non-profit corporation, with its principal place of business located in Suffolk County, New York State.

5. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "5" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

6. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "6" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

7. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "7" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

8. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "8" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

9. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "9" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

10. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "10" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

### AS AND FOR AN ANSWER TO THE PARTIES

11. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "11" of the First Amended Complaint.

12. In response to the allegations contained in paragraph designated "11" of the First Amended Complaint Answering Defendant admits that Plaintiff, at all times material herein, is a subtenant at the premises known as 6 Pond View Drive, Apt. 12, Patchogue NY (hereinafter referred to as "the subject premises"), and respectfully refers all questions and interpretations of law to the Court.

13. Answering Defendant denies the allegations contained in paragraph designated "13" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court. By way of further response, Answering Defendant avers that it does not receive any federal subsidies for the subject premises, rather Answering Defendant receives subsidies from New York State, only.

14. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "14" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

15. Answering Defendant denies the allegations contained in paragraph designated "14" of the First Amended Complaint, except admits that Answering Defendant is a New York non-profit corporation, with its principal place of business located in Suffolk County, New York State. Answering Defendant further respectfully refers all questions and interpretations of law to the Court.

16. Answering Defendant denies the allegations contained in paragraph designated "16" of the First Amended Complaint, except admits that Answering Defendant is a housing provider with respect to the subject premises. Answering Defendant further respectfully refers all questions and interpretations of law to the Court.

17. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "17" of the First Amended Complaint,

and respectfully refers all questions and interpretations of law, including interpretation of the term "main lease," to the Court.

18. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "18" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

19. Answering Defendant denies the allegations contained in paragraph designated "19" of the First Amended Complaint. By way of further response, Answering Defendant avers that it does not receive any federal subsidies for the subject premises, rather Answering Defendant receives subsidies from New York State, only. Answering Defendant further respectfully refers all questions and interpretations of law to the Court.

## AS AND FOR AN ANSWER TO STATUTORY SCHEME

20. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "20" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

21. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "21" of the First Amended Complaint, except admits that Answering Defendant provides housing without discrimination based on physical and/or mental disabilities. Answering Defendant further respectfully refers all questions and interpretations of law to the Court.

22. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "22" of the First Amended Complaint, except admits that program participants are to adhere to the terms of their sublease agreement. Answering Defendant further respectfully refers all questions and interpretations of law to the Court.

23.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "23" of the First Amended Complaint, except admits that program participants are to adhere to the terms of their sublease agreement. Answering Defendant further respectfully refers all questions and interpretations of law to the Court.

24.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "24" of the First Amended Complaint.

25.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "25" of the First Amended Complaint, except admits that the sublease agreement contains provisions for eviction and/or termination of the sublease.  Answering Defendant further respectfully refers all questions and interpretations of law to the Court.

26.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "26" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

### AS AND FOR AN ANSWER TO STATUTORY SCHEME

27.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "27" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

28.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "28" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

29.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "29" of the First Amended Complaint,

and respectfully refers all questions and interpretations of law to the Court.

30.    Answering Defendant denies the allegations contained in paragraph designated "30" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court. By way of further response, Answering Defendant avers that it does not receive any federal subsidies for the subject premises, rather Answering Defendant receives subsidies from New York State, only.

## AS AND FOR AN ANSWER TO FACTUAL BACKGROUND

31.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "31" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

32.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "32" of the First Amended Complaint.

33.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "33" of the First Amended Complaint.

34.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "34" of the First Amended Complaint.

35.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "35" of the First Amended Complaint.

36.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "36" of the First Amended Complaint.

37.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "37" of the First Amended Complaint.

38.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "38" of the First Amended Complaint.

39.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "39" of the First Amended Complaint.

40.    Answering Defendant denies the allegations contained in paragraph designated "40" of the First Amended Complaint.

41.    Answering Defendant denies the allegations contained in paragraph designated "41" of the First Amended Complaint.

42.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "42" of the First Amended Complaint.

43.    Answering Defendant denies the allegations contained in paragraph designated "43" of the First Amended Complaint.

44.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "44" of the First Amended Complaint.

45.    Answering Defendant denies the allegations contained in paragraph designated "45" of the First Amended Complaint.

46.    Answering Defendant denies the allegations contained in paragraph designated "46" of the First Amended Complaint.

47.    Answering Defendant denies the allegations contained in paragraph designated "47" of the First Amended Complaint.

48.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "48" of the First Amended Complaint.

49.    Answering Defendant denies the allegations contained in paragraph designated "49"

of the First Amended Complaint.

50. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "50" of the First Amended Complaint.

51. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "51" of the First Amended Complaint.

52. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "52" of the First Amended Complaint.

53. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "53" of the First Amended Complaint.

54. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "54" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

55. Answering Defendant denies the allegations contained in paragraph designated "55" of the First Amended Complaint.

56. Answering Defendant denies the allegations contained in paragraph designated "56" of the First Amended Complaint.

57. Answering Defendant denies the allegations contained in paragraph designated "57" of the First Amended Complaint.

58. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "58" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

59. Answering Defendant denies the allegations contained in paragraph designated "59" of the First Amended Complaint.

60.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "60" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

61.    Answering Defendant denies the allegations contained in paragraph designated "61" of the First Amended Complaint.

62.    Answering Defendant denies the allegations contained in paragraph designated "62" of the First Amended Complaint.

63.    Answering Defendant denies the allegations contained in paragraph designated "63" of the First Amended Complaint.

**AS AND FOR AN ANSWER TO THE LEGAL CLAIMS, FIRST CAUSE OF ACTION OF THE FIRST AMENDED COMPLAINT**
**(Violations of the Fair Housing Act, 42 USC §§ 3604 *et seq*.)**

64.    Answering Defendant repeats and realleges its above responses to the allegations of the First Amended Complaint as contained in the paragraphs designated "1" through "63", above, as if stated at length herein and made a part hereof, in response to paragraph designated "64" of the First Amended Complaint.

65.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "65" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

66.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "66" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

67.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "67" of the First Amended Complaint,

and respectfully refers all questions and interpretations of law to the Court.

68.     Answering Defendant denies the allegations contained in paragraph designated "68" of the First Amended Complaint, and respectfully refers all questions and interpretations of law.

69.     Answering Defendant denies the allegations contained in paragraph designated "69" of the First Amended Complaint, and respectfully refers all questions and interpretations of law.

70.     Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "70" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

71.     Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "71" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

72.     Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "72" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

73.     Answering Defendant denies the allegations contained in paragraph designated "73" of the First Amended Complaint.

74.     Answering Defendant denies the allegations contained in paragraph designated "74" of the First Amended Complaint.

75.     Answering Defendant denies the allegations contained in paragraph designated "75" of the First Amended Complaint.

**AS AND FOR AN ANSWER TO THE LEGAL CLAIMS, SECOND CAUSE OF ACTION OF THE FIRST AMENDED COMPLAINT**
**(Coercion, Intimidation, Threaten, and Interference in Violation of the Fair Housing Act, 42 USC §§ 3617 *et seq.*)**

76.     Answering Defendant repeats and realleges its above responses to the allegations of

the First Amended Complaint as contained in the paragraphs designated "1" through "75", above, as if stated at length herein and made a part hereof, in response to paragraph designated "76" of the First Amended Complaint.

77.     Answering Defendant denies the allegations contained in paragraph designated "77" of the First Amended Complaint.

78.     Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "78" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

79.     Answering Defendant denies the allegations contained in paragraph designated "79" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

80.     Answering Defendant denies the allegations contained in paragraph designated "80" of the First Amended Complaint.

81.     Answering Defendant denies the allegations contained in paragraph designated "81" of the First Amended Complaint.

82.     Answering Defendant denies the allegations contained in paragraph designated "82" of the First Amended Complaint.

### AS AND FOR AN ANSWER TO THE LEGAL CLAIMS, THIRD CAUSE OF ACTION OF THE FIRST AMENDED COMPLAINT
#### (Violations of the Rehabilitation Act, 29 USC § 794 *et seq.*)

83.     Answering Defendant repeats and realleges its above responses to the allegations of the First Amended Complaint as contained in the paragraphs designated "1" through "82", above, as if stated at length herein and made a part hereof, in response to paragraph designated "83" of the First Amended Complaint.

84. In response to the allegations contained in paragraph designated "84" of the First Amended Complaint, Answering Defendant admits it employs more than 15 people, and respectfully refers all questions and interpretations of law to the Court.

85. Answering Defendant denies the allegations contained in paragraph designated "85" of the First Amended Complaint.  By way of further response, Answering Defendant avers that Answering Defendant receives subsidies from New York State for the subject property; Answering Defendant does not receive any federal assistance for the subject property.  Answering Defendant further respectfully refers all questions and interpretations of law to the Court.

86. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "86" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

87. Answering Defendant denies the allegations contained in paragraph designated "87" of the First Amended Complaint.

88. Answering Defendant denies the allegations contained in paragraph designated "88" of the First Amended Complaint.

89. Answering Defendant denies the allegations contained in paragraph designated "89" of the First Amended Complaint.

90. Answering Defendant denies the allegations contained in paragraph designated "90" of the First Amended Complaint.

91. Answering Defendant denies the allegations contained in paragraph designated "91" of the First Amended Complaint.

92. Answering Defendant denies the allegations contained in paragraph designated "92" of the First Amended Complaint.

93. Answering Defendant denies the allegations contained in paragraph designated "93" of the First Amended Complaint.

94. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "94" of the First Amended Complaint, and respectfully refers all questions and interpretation of law to the Court.

95. Answering Defendant denies the allegations contained in paragraph designated "95" of the First Amended Complaint, and respectfully refers all questions and interpretation of law to the Court.

96. Answering Defendant denies the allegations contained in paragraph designated "96" of the First Amended Complaint.

97. Answering Defendant denies the allegations contained in paragraph designated "97" of the First Amended Complaint.

98. Answering Defendant denies the allegations contained in paragraph designated "98" of the First Amended Complaint.

## AS AND FOR AN ANSWER TO THE LEGAL CLAIMS, FOURTH CAUSE OF ACTION OF THE FIRST AMENDED COMPLAINT
### (Violations of New York State Human Rights Law)

99. Answering Defendant repeats and realleges its above responses to the allegations of the First Amended Complaint as contained in the paragraphs designated "1" through "98", above, as if stated at length herein and made a part hereof, in response to paragraph designated "99" of the First Amended Complaint.

100. Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "100" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

101.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "101" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

102.    Answering Defendant denies the allegations contained in paragraph designated "102" of the First Amended Complaint, and respectfully refers all questions and interpretation of law to the Court.

103.    Answering Defendant denies the allegations contained in paragraph designated "103" of the First Amended Complaint, and respectfully refers all questions and interpretation of law to the Court.

104.    Answering Defendant denies the allegations contained in paragraph designated "104" of the First Amended Complaint, and respectfully refers all questions and interpretation of law to the Court.

105.    Answering Defendant denies the allegations contained in paragraph designated "105" of the First Amended Complaint, and respectfully refers all questions and interpretation of law to the Court.

106.    Answering Defendant denies the allegations contained in paragraph designated "106" of the First Amended Complaint, and respectfully refers all questions and interpretation of law to the Court.

107.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "107" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

108.    Answering Defendant denies the allegations contained in paragraph designated "108" of the First Amended Complaint.

109.    Answering Defendant denies the allegations contained in paragraph designated "109" of the First Amended Complaint.

110.    Answering Defendant denies the allegations contained in paragraph designated "110" of the First Amended Complaint.

**AS AND FOR AN ANSWER TO THE LEGAL CLAIMS, FIFTH CAUSE OF ACTION OF THE FIRST AMENDED COMPLAINT**
**(Violation of New York State Civil Rights Law)**

111.    Answering Defendant repeats and realleges its above responses to the allegations of the First Amended Complaint as contained in the paragraphs designated "1" through "110", above, as if stated at length herein and made a part hereof, in response to paragraph designated "111" of the First Amended Complaint.

112.    Answering Defendant denies the allegations contained in paragraph designated "112" of the First Amended Complaint.

113.    Answering Defendant denies the allegations contained in paragraph designated "113" of the First Amended Complaint, and respectfully refers all questions and interpretations of law to the Court.

114.    Answering Defendant denies the allegations contained in paragraph designated "114" of the First Amended Complaint.

115.    Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "115" of the First Amended Complaint.

## AS AND FOR AN ANSWER TO THE PLAINTIFF'S PRAYER FOR RELIEF AND PLAINTIFF'S JURY DEMAND

116.    Answering Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief of the First Amended Complaint, including any declaratory judgment, permanent injunction, compensatory or punitive damages, statutory penalties, attorneys' fees, costs, or any other relief. Answering Defendant further denies that Plaintiff is entitled to a jury trial on any claim for which a jury trial is not available as a matter of law. Answering Defendant, however, separately demands a jury trial on all triable issues, as set forth below.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint, in whole or in part, fails to state a claim as against the Answering Defendant, upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring some or all of the claims alleged in the First Amended Complaint and/or to obtain the relief requested, and has failed to properly allege standing.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims under Section 504 of the Rehabilitation Act are barred, in whole or in part, because Answering Defendant is not a "program or activity" receiving federal financial assistance within the meaning of the statute as to the conduct alleged, and/or Plaintiff cannot establish the required nexus between any federal financial assistance and the alleged conduct.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as Plaintiff cannot establish that he is a person with a disability within the meaning of the statutes invoked and/or that he is otherwise a qualified individual entitled to the requested accommodations or relief.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as Answering Defendant did not discriminate against Plaintiff or deny Plaintiff a full and equal opportunity to use and enjoy the housing, services, facilities, privileges, advantages, or accommodations offered by Answering Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any accommodation requested was not necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling and/or was not reasonable under the circumstances.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The relief and/or accommodations sought by the First Amended Complaint, in whole or in part, would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations offered by Answering Defendant, and/or would impose an undue financial or administrative burden or hardship on Answering Defendant.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's ability to recover is barred or limited, in whole or in part, by Answering Defendant's good faith efforts to comply with all applicable laws, rules, and regulations, and to engage in (or attempt to engage in) an interactive process with respect to any requests for accommodation.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged as alleged in the First Amended Complaint, such damages were caused, in whole or in part, or contributed to by the acts, omissions, carelessness, negligence, or intentional conduct of third parties – including Plaintiff's co-tenant and/or other residents – over whom Answering Defendant had no control and for whose conduct Answering Defendant is not

legally responsible.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, because Answering Defendant lacked actual and/or constructive notice of the alleged conditions or issues and/or was not provided a reasonable opportunity to address or cure them before suit was commenced.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Any actions taken with respect to Plaintiff were taken in good faith and for legitimate, no-discriminatory, and non-retaliatory reasons, and not because of Plaintiff's alleged disability or any alleged protected activity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim under 42 U.S.C. §3617 is barred, in whole or in part, because Plaintiff cannot establish protected activity, Defendant's knowledge of any protected activity, an adverse actions, or causal connection between the two.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not subjected to any adverse action motivated by discriminatory or retaliatory animus.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of the conduct complained of, at most, comprises petty slights or trivial inconveniences that are non-actionable and do not materially impair Plaintiff's use and enjoyment of his dwelling or of any protected right.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred or limited, in whole or in part, by the applicable statutes of limitations and/or other governing statutory or administrative time limitations.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, because Plaintiff has failed to exercise reasonable diligence to mitigate his alleged damages, any entitlement to which is expressly denied.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any damages as alleged in the First Amended Complaint, all of which are expressly denied, then such damages were caused, in whole or in part, by Plaintiff's own acts or omissions, and Plaintiff's claims are barred or limited by the doctrines of comparative or contributory negligence and/or the doctrine of avoidable consequences.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and/or damages, if any, were not proximately caused by any act or omission of the Answering Defendant.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover compensatory, statutory, or punitive damages for some or all of the claims asserted, because such damages are not available under one or more of the asserted causes of action, are not supported by the requisite level of culpability, and/or because Answering Defendant did not engage in any actionable conduct with malice or reckless indifference to Plaintiff's rights.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

An award for punitive damages against Answering Defendant would violate the United State Constitution and the New York State Constitution.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any injunctive relief because Plaintiff cannot establish a real and immediate threat of future injury or an ongoing violation warranting equitable relief.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and all purported claims for relief, asserted in the First Amended Complaint, are barred to the extent that the alleged violations are excusable, exempted, or justified under the statutes and regulations under which Plaintiff has sued, and/or under applicable program rules.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Court should decline to exercise supplemental jurisdiction over Plaintiff's New York State Human Rights Law and New York State Civil Rights Law claims to the extent the federal claims are dismissed or state-law claims otherwise predominate.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims under New York Civil Rights Law §§ 40-c and 40-d are barred to the extent that Plaintiff failed to timely and properly serve notice of this action on the New York State Attorney General as required by Civil Rights Law § 40-d.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Answering Defendant, herein, relies upon any and all further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves the right to amend its Answer to the First Amended Complaint for the purposes of asserting any additional affirmative defenses.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Answering Defendant hereby demands a trial by jury on all issues so triable.

**WHEREFORE,** it is respectfully requested that the First Amended Complaint and any and all claims asserted against the Answering Defendant be dismissed with costs, interest, disbursements and attorneys' fees incurred herein, and with such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        July 10, 2026

                                        CALLAHAN & FUSCO, LLC
                                        *Attorneys for Defendant*
                                        CONCERN FOR INDEPENDENT LIVING, INC.


                                        By:_____
                                           CHARLES J. REITER, ESQ. (CJR-2915)
                                           115 Broadway, Suite 1302
                                           New York, New York 10006
                                           (877) 618-9770
                                           creiter@callahanfusco.com


TO:     James E. Bahamonde, Esq.
        LAW OFFICE OF JAMES E.
        BAHAMONDE, P.C.
        *Attorneys for Plaintiff*
        A.S.
        2501 Jody Court
        North Bellmore, New York 11710
        (646) 290-8258
        james@civilrightsny.com